TOWN OF TINMOUTH *v.* LEVI WARREN AND JONAS WARREN.

Where the son of a pauper was summoned to appear in the county court and show cause why he should not contribute to the support of the pauper, and he appeared and suggested that there was another son, of sufficient ability, and the latter was thereupon summoned also into court to answer to the original petition, and he appeared, and, at the third term after the citation was served upon him, filed a motion to dismiss the petition, as to himself, assigning, as cause, that the pauper had deceased before the service of the citation upon him, it was held that his motion was out of time, and that it should have been filed at the first term after the return of the citation.

But it was also held, that, inasmuch as the pauper was alive at the time service was made of the original petition and citation, and also at the time the citation issued to summon in the second brother, the motion should have been overruled, though filed in season,—as the statute, in such cases, makes the kindred liable for past, as well as future support.

*Quære,* Whether the proceedings of the county court upon such a petition can be revised upon exceptions.

THIS was a petition to the county court, founded upon chap. 16, sect. 14, of the Revised Statutes, praying that the petitionee Levi Warren might be ordered to contribute towards the support of his mother, Mary Warren, who was a pauper, and had been, and, at the time of preferring the petition, still was chargeable upon the town of Tinmouth.   The citation attached to the petition was made returnable to the December Term, 1842, of Orleans county court. At that term Levi Warren appeared and suggested that there was another son of the pauper within the jurisdiction of the court, to wit, Jonas Warren, who was of sufficient ability, and should be made party defendant in the proceedings.   The court thereupon ordered that the said Jonas Warren should be cited in to answer to

Tinmouth v. Warren et al.

the petition, and a citation was issued, and was made returnable to the June Term of the said county court, 1843, and was served upon the said Jonas Warren on the 14th day of June, 1843. At the said June Term, 1843, the said Jonas Warren appeared, and the case was continued. At the June Term of said court, 1844, the said Jonas Warren moved that he be dismissed from the suit, assigning as cause that the said Mary Warren deceased prior to the time of the service of the said citation upon him. On the hearing it appeared from the plaintiff's testimony that the said Mary Warren died on the 28th day of May, 1843. The court overruled the motion, and, finding the defendants of sufficient ability to pay the expenses sought to be recovered, rendered judgment against them severally for the amount of the said expenses, in shares proportioned to their relative ability to pay the same. Exceptions by defendants.

*J. Cooper* for defendants.

*C. W. & H. F. Prentiss* for plaintiffs.

The opinion of the court was delivered by

WILLIAMS, CH. J. This case comes before us on exceptions to the decision of the county court, overruling a motion to dismiss, which was filed by Jonas Warren at the term of the county court in June, 1844. From an inspection of the papers it appears that the town of Tinmouth, at the December Term of the county court, in 1842, preferred their complaint against Levi Warren, as one of the sons of Mary Warren, a pauper, to obtain an order on him to contribute to the support, both past and future, of the said Mary, under section 14 of chapter 16 of the Revised Statutes,—relative to the support and removal of paupers. On a suggestion of Levi Warren, that there was other kindred, to wit, Jonas Warren, of sufficient ability, the court, under the 19th section of the same statute, at the December Term of the court, 1842, aforesaid, summoned the said Jonas Warren to appear at the next term ;—the effect of which is declared by the statute to be, that the court may proceed against him, as though summoned on the original complaint. This summons, which issued as of December, 1842, was not served on him until the 14th day of June, 1843, and was made returnable to

the June Term of the court, which held its session on the fourth Tuesday of June. Previous to this, on the 28th day of May, 1843, the said Mary Warren died. The motion to dismiss was not filed in court, until the third term after Jonas Warren had been summoned in, as before mentioned.

In the first place, the motion was out of time. It was not made, until the term when there was a hearing on the merits of the complaint. It should have been made on the return of the process at the June Term, 1843, when all the facts existed, which are now claimed as existing, to support the motion.

But, in the second place, if made in time, we think there are no merits in it. The object of a complaint is, to obtain an order for past expenses, as well as future,—although the order cannot reach back more than six months previous to the filing the complaint. At the time of the filing the complaint, at the time of filing the suggestion, and at the time of issuing the summons to Jonas Warren, the pauper was alive. By virtue of the statute Jonas Warren became a party, " as if he had been summoned on the original complaint." And although, by the death of the pauper, Levi and Jonas were relieved from the future support of their mother, yet for past expenses, not extending more than six months previous to filing the complaint, they were legally chargeable, under the statute aforesaid. The order was good against both, and the judgment of the county court is affirmed.

Whether the proceedings of the county court, under this statute, can be revised on exceptions, is a question to which we have not attended, and is undecided, as we are clearly of opinion that their views of the statute were correct.